UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RELIABLE MARINE TOWING AND
SALVAGE LLC, Successor in interest to
Cheryl Smith,

    Plaintiff,

v.                                        Case No: 2:17-cv-669-FtM-38CM

DORADO CUSTOM BOATS, LLC,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Defendant Dorado Custom Boats, LLC's Motion to Dismiss (Doc. 18) filed on February 13, 2018. Plaintiff Reliable Marine Towing and Salvage, LLC filed a Response in Opposition (Doc. 19) on February 26, 2018. This matter is ripe for review.

## **BACKGROUND**

This is a breach of contract action stemming from the salvage of a sunken vessel. (Doc. 1). Michael Boesch, Dorado's owner, placed a distress call to Reliable requesting the salvage of a sunken vessel. (Doc. 1 at ¶¶ 5, 7). Reliable agreed and dispatched a rescue crew. (Doc. 1 at ¶ 9). Dorado's "captain/agent" signed a contract for salvage services with Reliable. (Doc. 1 at ¶ 14). Over the course of several hours, Reliable

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

successfully raised and refloated the vessel. (Doc. 1 at ¶¶ 10, 13). Afterward, Reliable requested payment for its services, but Dorado refused to pay. (Doc. 1 at ¶¶ 18, 20). As a result, Reliable sued Dorado for breach of the salvage contract. (Doc. 1).

Now, Dorado moves to dismiss the Complaint or, in the alternative, moves for a more definite statement. (Doc. 18). Reliable opposes the Motion. (Doc. 19). After careful consideration, the Court denies Dorado's Motion for the reasons stated below.

## STANDARD OF REVIEW

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). This standard requires a plaintiff to plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* But this standard does "not require heightened fact pleading of specifics, but only enough facts to state a claim that is plausible on its face." *Bell A. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Against that backdrop, the Court turns to the arguments.

## DISCUSSION

To begin, the Court will address Dorado's dismissal arguments. Dorado argues that Reliable's salvage contract claim fails because Reliable does not identify the contract's signee or when the contract was signed. (Doc. 18 at 2-3). In response, Reliable argues it has pled sufficient facts to state a claim for relief. (Doc. 19). The Court agrees.

At this stage, the specificity requested by Dorado is simply not required. *See Bell A. Corp.*, 550 U.S. at 570. (finding that a complaint only needs "enough facts to state a claim to relief that is plausible on its face."). In fact, to plead a salvage contract claim, a

party must only allege the "existence of a valid contract, a material breach, and damages." *Kol B'seder, Inc. v. Certain Underwriters at Lloyd's of London subscribing to Certificate No.154766 under Contract No. B0621MASRSWV15BND*, 261 F. Supp. 3d 1257, 1266 (S.D. Fla. 2017); see also *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1249 (11th Cir. 2005). Here, Reliable pled that Boesch requested salvage services, Reliable agreed to provide salvage services and dispatched a rescue crew, Dorado's "agent/captain" entered into a salvage contract with Reliable, Reliable's crew raised the sunken vessel, and Dorado refused to pay for the salvage operation. (Doc. 1 at ¶¶ 8-10, 14-15, 20). This is sufficient. Thus, Dorado's request for dismissal is denied.

Next, Dorado requests a more definite statement for the same reasons outlined above. (Doc. 18). Generally, courts grant this type of motion when a complaint is so ambiguous that a party cannot form a responsive pleading. See *Royal Shell Vacations, Inc. v. Scheyndel*, 233 F.R.D. 629, 630 (M.D. Fla. 2005). Reliable's Complaint is neither vague nor ambiguous. Therefore, the Court denies Dorado's alternate request as well.

Accordingly, it is now

**ORDERED:**

Defendant Dorado Custom Boats, LLC's Motion to Dismiss (Doc. 18) is **DENIED.**

**DONE** and **ORDERED** in Fort Myers, Florida this 26th day of March, 2018.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record